CRAIG P. FAGAN, State Bar No. 149556
**LAW OFFICES OF CRAIG P. FAGAN**
4512 4th Street
La Mesa, CA 91941
Telephone: (619) 528-9600
Facsimile:  (619) 303-4814
email: cpfagan@faganlegal.com

Attorneys for all Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ESTELA GARCIA, an Individual; IRMA CALDERON-CHAVEZ, an Individual; LORENA GONZALEZ, an Individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>SOUTH COAST TERRACE CONDOMINIUM ASSOCIATION, a California Corporation; POWERSTONE PROPERTY MANAGEMENT, INC., a California Corporation; TINA MORALES, an Individual; and DOES 1 through 10, Inclusive,<br><br>        Defendants | No.<br><br>**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY** |

# I.

# INTRODUCTION

1. This action seeks monetary, declaratory, and injunctive relief against Defendants for discriminating against Plaintiffs on the base of familial status and race in the operation of the South Coast Terrace condominium complex located at 1001 W. Stevens, Santa Ana, CA (hereinafter "the Subject Property" or "the complex") for coercing, intimidating, threatening, or interfering with Plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act and/or the Fair Employment and Housing Act in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq*.

# II.

# JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in that the claims alleged herein arose within the City of Santa Ana, Orange County, California.

## III.

## PARTIES

4. Plaintiff Estela Garcia lives with her children at the Subject Property, and has done so at all times since 2009.

5. Plaintiff Irma Calderon-Chavez has lived at the Subject Property with her children at all times since 2011.

6. Plaintiff Lorena Gonzalez has lived at the Subject Proeperty with her children at all times since 2012.

7. Defendant South Coast Terrace Condominium Association, a California Corporation, owns, operates, and manages the Subject Property. The Subject Property is a condominium complex, with individual units owned by individuals, but with South Coast Terrace Condominium Association owning and operating all common areas and facilities for the Subject Property, as well as enforcing all rules at the complex. Defendant South Coast Terrace Condominium Association lists its principal place of business as being Irvine, Orange County, California.

8. Defendant Powerstone Property Management, Inc., a California Corporation, has managed the Subject Property at all times herein, and has been hired in such capacity by Defendant South Coast Terrace Condominium Association. Defendant Powerstone Property Management, Inc. lists its principal place of business as being Irvine, Orange County, California.

9. Defendant Tina Morales is an individual, who lives at the Subject Property in Santa Ana, Orange County, California. As referenced in the facts below, Ms. Morales has been a member of the board for Defendant South Coast Terrace Condominium Association, at the times referenced below.

10. Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this compliant, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## IV.

## **FACTS**

11.     All Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against plaintiffs because of familial status and race, in the operation of the Subject Property. Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

12.     In 2009, Plaintiff Estela Garcia moved into the Subject Property. The Subject Property is owned and run by Defendant South Coast Terrace Condominium Association, a California Corporation, and is managed by Defendant Powerstone Property Management, Inc., a California Corporation. Ms. Garcia rents at the property with her two minor children, N.S. and D.R.

13.     Since at least 2015 to the present, Ms. Garcia has been harassed by a member of the South Coast Terrace Condominium Association board, Defendant Tina Morales. Ms. Morales has regularly harassed children who play in common areas of the property. She has repeatedly advised Ms. Garcia and her children that playing in common areas is not allowed. A common tool of intimidation employed by Ms. Garcia is to film children with her smartphone, when they are playing in common areas. Whenever Ms. Morales is questioned about why she is filming children, she informs residents that she will use the footage of children playing to show to the board, as a means to get the families in trouble for allowing their children to play outside.

14.     In early October 2019, Ms. Garcia's children were outside in the common area, at about 6:30 in the early evening. The children were simply standing and talking. Upon seeing this, Ms. Morales came out with her smartphone, and began to film the children. The children questioned why they were being filmed, and Ms. Morales informed them that she was going to use the footage, to show it to the board. There were several other families from the complex who had children playing outside on this occasion. After the incident, twenty five of the residents at the complex signed a letter, and sent it to Defendants. The letter specifically advised Defendants that Ms. Morales had been harassing families with children for years, and that nothing had been done. The letter also mentioned that children felt unsafe, and

needed protection  The letter asked Defendants to intervene, and help. Defendants did nothing.

15. In May 2019, Ms. Garcia and her family were having a barbecue, to celebrate N.S.'s sixth-grade graduation.  N.S. also had some friends over, sharing the occasion with her. At this time, the children were playing in the common areas at the complex.  Upon seeing this, Ms. Morales came out with her smartphone, and begin filming the children.  A while later, Ms. Morales called a security guard at the property, and instructed him to give Ms. Garcia a warning notice for letting her children play outside. The security guard specifically informed Ms. Garcia, "Here is a warning for your children playing outside." The security guard also informed Ms. Garcia that "Your kids cannot have visitors outside."  The warning was patently unreasonable, as the children were not engaging in any obstructive or harmful activities, but were simply playing.

16. These are only a few of the times that Ms. Morales has harassed Ms. Garcia and her kids.  Over the last 5 years, Ms. Morales has repeatedly informed Ms. Garcia and her children that children are not allowed to play outside.

17. In 2016, one of the renters at the complex, a woman named Esther Rodriguez, spoke to the property manager from Powerstone Property Management, Inc., Eric Douphner, about the repeated harassment by Ms. Morales against families with children at the complex.  At that time, Mr. Douphner explained to Ms. Rodriguez that Ms. Morales was not on the board, but that she was a volunteer that worked with the board. Be that as it may, neither Mr. Douphner, nor Defendants, took any steps to intervene and stop Ms. Morales's conduct. She has been left to do as she pleases.

18. In May 2019, Ms. Garcia spoke to Mr. Douphner about Ms. Morales, and how she was harassing families with children.  She explained to Mr. Douphner that Ms. Morales was harassing children, by constantly filming them while they played. At that time, Ms. Douphner confirmed that Ms. Morales was, in fact, a board member of South Coast Terrace Condominium Association.  When Ms. Garcia asked for his help, Mr. Douphner informed her that the only thing Ms. Garcia could do was to vote Ms. Morales off the board. Ms. Douphner informed Ms. Garcia that the board could not control Ms. Morales, and that they could not control "how she speaks" or "what she does."  Mr. Douphner then informed Ms. Garcia that they only wanted the residents to comply with the rules. He then asked if she had

a copy of the rules, to which she replied that she did not.  Mr. Douphner then proceeded to inform Ms. Garcia that the rules were posted at the complex, and that children were not allowed to play with balls, skateboards, scooters, etc. Indeed, there is a physical sign posted at the property, which specifically states, "No skateboarding, bicycle riding, roller skating, rollerblading, ball playing, or children playing in the parking lot. No soliciting, loitering . . ."

19. During this May 2019 discussion, Ms. Garcia also informed Ms. Douphner that she would like to come to a board meeting, and tell the board that Ms. Morales was filming the children.  Mr. Douphner informed her that she could not do so, since she was not an owner. Rather, he informed her that the owner of her unit would have to come with her to a board meeting.  Ms. Garcia was unable to subsequently get the owner of her unit to come to a meeting, so the issue was not presented to the board.  Ms. Douphner did nothing to intercede, to fix the problem with Ms. Morales.

20. In October 2019, Ms. Rodriguez spoke to Mr. Douphner, and expressed concern that Ms. Morales was harassing children who played, and was filming them when they played. Ms. Rodriguez asked for Mr. Douphner to intervene, and to help the families.  Mr. Douphner informed her that he could not do anything. He informed her that other residents needed to vote Ms. Morales out of office. The request was patently unreasonable, as most of the complaining residents were renters, who had no voting rights. At this same time, Mr. Douphner also informed Mr. Rodriguez that she needed to come to a board meeting, and present her concern. Ms. Rodriguez, who is a renter, informed Mr. Douphner that he needed to intervene now.  He refused. Ms. Rodriguez concluded the discussion by informing Mr. Douphner that Ms. Morales's harassment had been going on for years, but that Defendants had done nothing to stop it.

21. Plaintiff Irma Calderon-Chavez is Mexican, and has rented at the complex since 2011. She lives at the complex with her two children, Diana, who is 21, and A.C., who is 16-years-old. During the time that Ms. Calderon-Chavez has lived at the complex, Ms. Morales has repeatedly hurled racial insults at her and her children. This pattern of racial harassment against Ms. Calderon-Chavez and her children has taken place on a consistent basis starting in 2012, continuing until this day.  As far back as 2012, Ms. Calderon-Chavez wrote a letter to the board for South Coast Terrace Condominium Association, informing them that Ms. Morales was repeatedly hurling racial insults at her and her kids,

making statements such as "black Indian" "fucking bitch" "whore" and other insults. The letter informed the board that she had called the police on Ms. Morales. Thereafter, Ms. Calderon-Chavez went to a board meeting in September 2012, along with the owner of her unit, to tell what had happened to her. Ms. Morales was at the meeting, but, upon seeing Ms. Calderon-Chavez, Ms. Morales fled the meeting. Nonetheless, Ms. Calderon-Chavez stayed at the meeting, and informed the board of Ms. Morales's conduct. The board promised to do something about Ms. Morales's conduct, but subsequently did nothing.

22. Unfortunately, the lack of intervention by Defendants spurred on Ms. Morales's behavior. Since that time, Ms. Morales, to this day, continues to hurl racial insults with impunity at Ms. Calderon-Chavez and her children, using words such as "you illegal Mexican" "I'll call Immigration" "fucking Indian" "fucking crazy" and "black Indian." During this same period of time, Ms. Morales has threatened to get Ms. Calderon-Chavez evicted.

23. In or about July 2018, Ms. Calderon-Chavez spoke with a board member, vice president Ipolito Arellano, and informed him about the constant racial harassment by Ms. Morales against her and her children. Mr. Arellano promised to do something about the harassment, but subsequently did nothing.

24. Thereafter, almost a year later, in or about July 2019, Ms. Calderon-Chavez spoke to Mr. Arellano again about the constant racial harassment by Ms. Morales against her and her children. Once again, Mr. Arellano promised to speak to Ms. Morales about the problem, but nothing was subsequently done. Over the years, Ms. Calderon-Chavez has also tried to speak directly to Ms. Morales about the racial harassment, but Ms. Morales has simply laughed it off.

25. Plaintiff Lorena Gonzalez has rented at the complex since 2012. She lives at the complex with her minor children, Y.M. and E.M.

26. Ms. Gonzalez lives near Ms. Morales. Ms. Gonzalez and her children are Mexican. Many times when Ms. Gonzalez's children play outside on their balcony, Ms. Morales yells at them, saying things such as "you noisy-ass kids." Ms. Gonzalez's kids are currently 7-years-old and 3-years-old. The yelling by Ms. Morales is so intimidating, that her children no longer want to play outside

on their balcony. Worse yet, Defendants have twice sent written warning notices to Ms. Gonzalez, advising her that her children were too noisy. The complaints were unreasonable, as her children were simply playing like normal children in the middle of the daytime.

27. During Ms. Gonzalez's entire tenancy, Ms. Morales has also regularly hurled racial insults at her and her children. These insults continue until this day. Ms. Morales has repeatedly made statements such as, "fucking Mexican" "fucking illegal" "I'm going to take you to Immigration." Ms. Morales has also yelled at Ms. Gonzalez's children, "Shut up, you fucking illegal kids." This pattern of harassment has occurred hundreds of times over the years.

28. On at least seven different occasions over the last two years, Ms. Gonzalez has spoken to Mr. Arellano about Ms. Morales's constant racial harassment against her and her children. On each occasion, Mr. Arellano has promised to help, but has subsequently done nothing.

29. At no time during the entire time of Plaintiffs' tenancy has any Defendant tried to stop Ms. Morales from her racial attacks.

## V.

## INJURIES

30. By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered loss of important housing opportunities, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, and emotional distress and physical injury, humiliation and mental anguish, physical distress, impairment of health, fear, stress, including bodily injury such as stomach aches; knots in stomach; head aches; high blood pressure; sleep loss; feelings of depression, discouragement, anger, nervousness; trouble sleeping; and reliving the experience; and other special and general damages according to proof. Accordingly, Plaintiffs are entitled to compensatory damages.

31. In doing the acts of which Plaintiffs complain, defendants and their agents and employees intentionally or recklessly violated Plaintiffs' civil rights. Accordingly, all plaintiffs are entitled to punitive damages.

32. There now exists an actual controversy between the parties regarding defendants' duties under federal and state fair housing laws. Accordingly, all plaintiffs are entitled to declaratory relief.

33. Unless enjoined, Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.

## VI.

## FIRST CLAIM

### (Fair Housing Act)

### Familial Status Discrimination

**As Against Defendants South Coast Terrace Condominium Association and Powerstone Property Management, Inc.**

34. All Plaintiffs reallege and incorporate by reference paragraphs 1 through 33 of the complaint herein.

35. Defendants South Coast Terrace Condominium Association and Powerstone Property Management, Inc. have injured plaintiffs in violation of the federal Fair Housing Act by committing the following discriminatory housing practices:

   A. Refusing to rent after the making of a bona fide offer; refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of familial status, in violation of 42 U.S.C. §3604(a);

   B. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status in violation of 42 U.S.C. §3604(b);

   C. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on race, or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. §3604(c);

   D. Coercing, intimidating, threatening, or interfering with persons in their exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or

encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. §3617.

### SECOND CLAIM

### (Fair Housing Act)

### Racial Discrimination

**As Against Defendants South Coast Terrace Condominium Association and Tina Morales**

36. Plaintiffs Irma Calderon-Chavez and Lorena Gonzalez reallege and incorporate by reference paragraphs 1 through 35 of the complaint herein.

37. Defendants South Coast Terrace Condominium Association and Tina Morales have injured plaintiffs Irma Calderon-Chavez and Lorena Gonzalez in violation of the federal Fair Housing Act by committing the following discriminatory housing practices:

A. Refusing to rent after the making of a bona fide offer; refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of race, in violation of 42 U.S.C. §3604(a);

B. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of race, including without limitation committing acts of racial discrimination against Plaintiffs Irma Calderon-Chavez and Lorena Gonzalez and their families, and by refusing to intercede and stop Defendant Tina Morales from committing acts of racism and making racial slurs toward Plaintiffs Irma Calderon-Chavez and Lorena Gonzalez and their children because of race, as well as threatening to evict plaintiffs for having complained of such racism, in violation of 42 U.S.C. §3604(b);

C. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on race, or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. §3604(c);

D. Coercing, intimidating, threatening, or interfering with persons in their exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or

encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. §3617.

**THIRD CLAIM**

**(California Fair Employment and Housing Act)**

**Familial Status Discrimination**

**As Against Defendants South Coast Terrace Condominium Association and Powerstone Property Management, Inc.**

38. All Plaintiffs reallege and incorporate by reference paragraphs 1 through 37 of the complaint herein.

39. Defendants South Coast Terrace Condominium Association and Powerstone Property Management, Inc. have injured plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status in violation of California Government Code §§12955(a);

B. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination in violation of California Government Code §12955(c);

C. Expressing a preference for or limitation on a renter because of familial status in violation of California Government Code §12955(d);

D. Harassing, evicting, or otherwise discriminating against any person in the rental of housing accommodations where the dominant purpose is retaliation against a person who, among other things, has opposed practices unlawful under the Fair Employment and Housing Act, in violation of California Government Code §12955(f);

E. Threatening, intimidating, or interfering with persons in their enjoyment of a

dwelling because of familial status in violation of California Government Code §12955.7.

## FOURTH CLAIM

**(California Fair Employment and Housing Act)**

**Racial Status Discrimination**

**As Against Defendants South Coast Terrace Condominium Association and Tina Morales**

40. Plaintiffs Irma Calderon-Chavez and Lorena Gonzalez reallege and incorporate by reference paragraphs 1 through 39 of the complaint herein.

41. Defendants South Coast Terrace Condominium Association and Tina Morales have injured plaintiffs Irma Calderon-Chavez and Lorena Gonzalez in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of race in violation of California Government Code §§12955(a);

B. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on race, or an intention to make any such preference, limitation, or discrimination in violation of California Government Code §12955(c);

C. Expressing a preference for or limitation on a renter because of race in violation of California Government Code §12955(d);

D. Harassing, evicting, or otherwise discriminating against any person in the rental of housing accommodations where the dominant purpose is retaliation against a person who, among other things, has opposed practices unlawful under the Fair Employment and Housing Act, in violation of California Government Code §12955(f);

E. Threatening, intimidating, or interfering with persons in their enjoyment of a dwelling because of race in violation of California Government Code §12955.7.

## FIFTH CLAIM

### (California Unruh Civil Rights Act)

### Racial Status Discrimination

**As Against Defendants South Coast Terrace Condominium Association and Tina Morales**

42. Plaintiffs Irma Calderon-Chavez and Lorena Gonzalez reallege and incorporate by reference paragraphs 1 through 41 of the complaint herein.

43. Defendants South Coast Terrace Condominium Association and Tina Morales have injured plaintiffs Irma Calderon-Chavez and Lorena Gonzalez in violation of the Unruh Civil Rights Act, California Civil Code §51 *et seq.* by discriminating against them in the operation of the Subject Property, a business establishment, because of race.

44. Pursuant to the Unruh Civil Rights Act, plaintiffs are entitled to statutory damages, among other remedies, of up to three times their actual damages as determined by the trier of fact, but no less than $4,000.00 for each violation by each defendants.

## SIXTH CLAIM

### (Negligence)

**As Against Defendants South Coast Terrace Condominium Association and Powerstone Property Management, Inc.**

45. All Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 of the complaint herein.

46. Defendants South Coast Terrace Condominium Association and Powerstone Property Management, Inc. owed plaintiffs a duty to operate the Subject Property in a manner that was free from unlawful familial status discrimination, and to hire, train, supervise, and discipline their employees and themselves to fulfill that duty. Defendants negligently violated that duty by discriminating against families with children on account of their familial status. Defendants' violation of that duty was the result

of negligence, including, but not limited to:

    A.    Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

    B.    Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws;

    C.    Defendants' negligent failure to supervise their employees and themselves regarding compliance with the requirements of state and federal fair housing laws; and

    D.    Defendants' negligent failure to follow standard, recognized rental practices of the community;

    E.    Defendants' negligent failure to exercise the ordinary and reasonable care and diligence required of a housing provider in the operation and management of the subject rental premises; and/or

    F.    Defendants' negligent failure to discipline or terminate employees and board members who failed to comply with the requirements of state and federal fair housing rights laws.

47.    As a legal result of defendants' negligent conduct, the plaintiffs have suffered loss of an important housing opportunity, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, invasion of the private right of occupancy, wrongful eviction, and bodily injury, including severe humiliation, physical and emotional distress.

## SEVENTH CLAIM

### (Negligence)

**As Against Defendant South Coast Terrace Condominium Association**

48.    Plaintiffs Irma Calderon-Chavez and Lorena Gonzalez reallege and incorporate by reference paragraphs 1 through 47 of the complaint herein.

49.    Defendant South Coast Terrace Condominium Association owed plaintiffs a duty

to operate the Subject Property in a manner that was free from unlawful racial discrimination, and to hire, train, supervise, and discipline their board members and themselves to fulfill that duty. Defendant negligently violated that duty by failing and refusing to intercede and stop Defendant Tina Morales from committing acts or racism and making racial slurs toward Plaintiffs and their children because of race, as well as threatening to evict plaintiffs for having complained of such racism. Defendant's violation of that duty was the result of negligence, including, but not limited to:

      A.    Defendant's negligent failure to train their board members and themselves regarding the requirements of state and federal fair housing laws;

      B.    Defendant's negligent failure to supervise their board members regarding compliance with the requirements of state and federal fair housing laws; and

      C.    Defendant's negligent failure to follow standard, recognized rental practices of the community;

      D.    Defendant's negligent failure to exercise the ordinary and reasonable care and diligence required of a housing provider in the operation and management of the subject rental premises; and/or

      E.    Defendant's negligent failure to discipline, recall, or terminate board members who failed to comply with the requirements of state and federal fair housing rights laws.

50. As a legal result of defendants' negligent conduct, the plaintiffs have suffered loss of an important housing opportunity, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, invasion of the private right of occupancy, wrongful eviction, and bodily injury, including severe humiliation, physical and emotional distress.

\* \* \*

\* \* \*

\* \* \*

\* \* \*

## EIGHTH CLAIM

### (Unfair Business Practices)

### As Against Defendants South Coast Terrace Condominium Association and Powerstone Property Management, Inc.

51. All Plaintiffs reallege and incorporate by reference paragraphs 1 through 50 of the complaint herein.

52. In acting as herein alleged, defendants have engaged in a pattern or practice of unlawful discrimination based upon familial status in the operation of the Subject Property, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17200 *et seq*.

## NINTH CLAIM

### (Unfair Business Practices)

### As Against Defendant South Coast Terrace Condominium Association

53. All Plaintiffs reallege and incorporate by reference paragraphs 1 through 52 of the complaint herein.

54. In acting as herein alleged, Defendant South Coast Terrace Condominium Association has engaged in a pattern or practice of unlawful discrimination based upon race in the operation of the Subject Property, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17200 *et seq*.

\* \* \*

\* \* \*

\* \* \*

\* \* \*

# VII.

# **PRAYER FOR RELIEF**

WHEREFORE, all plaintiffs pray for entry of judgment against all defendants that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status or race;

4. Awards statutory damages to plaintiffs pursuant to the Unruh Civil Rights Act;

5. Awards pre-judgment interest and post-judgment interest as provided for by law;

6. Awards costs of suit herein incurred, including reasonable attorneys' fees; and

7. Awards all such other and further relief as the Court may deem proper.

Dated: January 10, 2020         LAW OFFICES OF CRAIG P. FAGAN

By: **/s/Craig P. Fagan**
Craig P. Fagan
Attorneys for all Plaintiffs

# VIII.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated: January 10, 2020                    LAW OFFICES OF CRAIG P. FAGAN


                                           By: **/s/Craig P. Fagan**
                                           Craig P. Fagan
                                           Attorneys for all Plaintiffs