Thomas M. Phillips, Esq. (SBN 108529)
tphillips@thephillipsfirm.com
**THE PHILLIPS FIRM, APC**
800 West Sixth Street, Ste. 980
Los Angeles, California 90017
Tel: (213) 587-7414
Fax: (213) 457-7515

Attorneys for Defendants, SOUTH COAST TERRACE CONDOMINUM ASSOCIATION, and POWERSTONE PROPERTY MANAGMENT, INC.

COMMUNITY LEGAL ADVISORS, INC.
Mark T. Guithues, Esq. (SBN 199217)
mark@attorneyforhoa.com
Mark Allen Wilson, Esq. (SBN 246765)
mwilson@attorneyforhoa.com
Tel: (760) 529-5211

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELLA GARCIA, an induvial; IRMA CALDERON-CHAVEZ, an individual; and LORENA GONZALES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH COAST TERRACE CONDOMINIUM ASSOCIATION, a California Corporation; POWERSTONE PROPERTY MANAGEMENT, INC.; TINA MORALES; an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-00053-JLS-KES<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

1
DEFENDANTS' ANSWER TO COMPLAINT

Defendants SOUTH COAST TERRACE CONDOMINIUM ASSOCIATION and POWERSTONE PROPERTY MANAGEMENT, INC. ("Defendants"), through their counsel, answer the Complaint of plaintiffs ESTELLA GARCIA, IRMA CALDERON-CHAVEZ and LORENA GONZALEZ ("Plaintiffs"), as set forth below. Unless specifically admitted, Defendants deny each of the allegations of Plaintiffs' Complaint.

## INTRODUCTION

1. Defendants admit that Plaintiffs have brought an action against Defendants under the Fair Employment and Housing Act of 1968, as amended, 42 U.S.C. §§, and related laws seeking monetary, declaratory and injunctive relief. Defendants deny they are liable to Plaintiffs for any violation of said laws.

## JURISDICTION AND VENUE

2. Defendants admit that in this action plaintiff attempts to assert claims under the Fair Employment and Housing Act of 1968, as amended, 42 U.S.C. §§, and related laws, and that this Court has federal question jurisdiction over the federal claims and supplemental jurisdiction over the California state law claims alleged. Defendants deny they are liable to plaintiff for any violation of said laws as alleged in Paragraph 1.

3. Defendants admit that venue is proper.

## PARTIES

4. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 4, and therefore deny the same.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 5, and therefore deny the same.

//

6. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 6, and therefore deny the same.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit that Tina Morales has been a member of the board for South Coast Terrace Condominium Association but lack sufficient information to form a belief as to the exact dates of her service on the board, and therefore deny that she has been a member "at the times referenced below."

10. Defendants deny the allegations of Paragraph 10.

## FACTS

11. Defendants deny the allegations of Paragraph 11.

12. Defendants admit that the Subject Property is owned and run by South Coast Terrace Condominium Association and managed by Powerstone Property Management but lack sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations of Paragraph 12, and therefore deny the same.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore deny the same.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore deny the same.

16. Defendants deny the allegations of Paragraph 16.

17. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17, and therefore deny the same.

3
DEFENDANTS' ANSWER TO COMPLAINT

18. Defendants admit the Mr. Douphner spoke to Ms. Morales at some point about her complaint that Ms. Morales was harassing families with children. Defendants deny, however, that the filming of children at the complex is harassment. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18, and therefore deny the same.

19. Defendants admit that Mr. Douphner had a conversation with a tenant about having the owner of her unit come to a board meeting but lack sufficient knowledge or information to form a belief as to the tenant, the date and time of that meeting, or the truth or falsity of the remaining allegations of Paragraph 19, and therefore deny the same.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 20, and therefore deny the same.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 21, and therefore deny the same.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 23, and therefore deny the same.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 24, and therefore deny the same.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 25, and therefore deny the same.

//

26. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 27, and therefore deny the same.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 27, and therefore deny the same.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 28 and therefore deny the same.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 29 and therefore deny the same.

## INJURIES

30. Defendants deny the allegations of Paragraph 30.
31. Defendants deny the allegations of Paragraph 31.
32. Defendants deny the allegations of Paragraph 32.
33. Defendants deny the allegations of Paragraph 33.

## FIRST CLAIM

**(Fair Housing Act)**

**Familial Status Discrimination**

34. Defendants incorporate by reference as though set forth in full herein Paragraphs 1-33 of the Answer.

35. Defendants deny the allegations of Paragraph 35A, B, C, and D.

## SECOND CLAIM

**(Fair Housing Act)**

**Racial Discrimination**

36. Defendants incorporate by reference as though set forth in full herein Paragraphs 1-35 of the Answer.

37. Defendants deny the allegations of Paragraph 37A, B, C, and D.

## THIRD CLAIM

### (California Fair Employment and Housing Act)

### Familial Status Discrimination

38. Defendants incorporate by reference as though set forth in full herein Paragraphs 1-37 of the Answer.

39. Defendants deny the allegations of Paragraph 39 A, B, C, D and E.

## FOURTH CLAIM

### (California Fair Employment and Housing Act)

### Racial Status Discrimination

40. Defendants incorporate by reference as though set forth in full herein Paragraphs 1-39 of the Answer.

41. Defendants deny the allegations of Paragraph 41 A, B, C, D and E.

## FIFTH CLAIM

### (California Unruh Civil Rights Act)

### Racial Status Discrimination

42. Defendants incorporate by reference as though set forth in full herein Paragraphs 1-41 of the Answer.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

## SIXTH CLAIM

### (Negligence)

### Against South Coast Terrace Condominium Association and Powerstone Property Management, Inc.

45. Defendants incorporate by reference as though set forth in full herein Paragraphs 1-44 of the Answer.

46.   Defendants admit they owed plaintiff a duty to operate the Subject Property in a manner that was free from unlawful familiar status discrimination and deny the remaining allegations of Paragraph 46 A, B, C, D, E and F.

47.   Defendants deny the allegations of Paragraph 47.

## SEVENTH CLAIM

### (Negligence)

### Against South Coast Terrace Condominium Association

48.   Defendants incorporate by reference as though set forth in full herein Paragraphs 1-47 of the Answer.

49.   Defendants admit they owed plaintiff a duty to operate the Subject Property in a manner that was free from unlawful racial discrimination and deny the remaining allegations of Paragraph 49 A, B, C, D, and E.

50.   Defendants deny the allegations of Paragraph 50.

## EIGHTH CLAIM

### (Unfair Business Practices)

### Against South Coast Terrace Condominium Association and Powerstone Property Management, Inc.

51.   Defendants incorporate by reference as though set forth in full herein Paragraphs 1-50 of the Answer.

52.   Defendants deny the allegations of Paragraph 52.

## NINTH CLAIM

### (Unfair Business Practices)

### Against South Coast Terrace Condominium Association

53.   Defendants incorporate by reference as though set forth in full herein Paragraphs 1-52 of the Answer.

54.   Defendants deny the allegations of Paragraph 54.

55.   Defendants deny the allegations of Paragraph 55.

//

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further answer and as affirmative defenses, defendants deny that they are liable to plaintiff on any of the claims alleged and deny that plaintiff is entitled to damages, treble or punitive damages, equitable relief, statutory damages, attorney's fees, costs, pre-judgment interest or any relief whatsoever, and states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

56. The Complaint, or one or more counts set forth therein, fails to state a claim against these defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Causation)

57. Plaintiff's claims against defendants are barred, in whole or in part, because plaintiff's damages, if any, were not caused by these defendants.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

58. The claims made in the Complaint are barred, in whole or in part, because of plaintiff's failure to mitigate damages, if such damages exist.

### FOURTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

59. Plaintiff's claims against defendants are barred, in whole or in part, because plaintiff's damages, if any, were not caused by these defendants.

### FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

60. Defendants are informed and believe and thereon allege that any loss, injury or damage alleged in the Complaint was directly or proximately caused and contributed to by the actions of plaintiff and/or their agents. Therefore, plaintiff's

recovery against defendants, if any, should be reduced in proportion to the percentage of responsibility attributable to plaintiffs and/or their agents.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

61. Defendants are informed and believe and thereon allege that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

62. Plaintiff's claims are barred by the doctrine of laches, in that plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of defendants' actions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

63. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Harm)

64. Plaintiff's claims for injunctive relief are barred because plaintiff cannot show that it will suffer any irreparable harm from defendants' actions.

## TENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

65. The alleged injury or damage suffered by plaintiff, if any, would be adequately compensated by damages. Accordingly, plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

///
///
///
///

## ELEVENTH AFFIRMATIVE DEFENSE
### (Actions of Others)

66. The claims made in the Complaint are barred, in whole or in part, because defendants, and each of them, are not liable for acts of others outside their control.

## TWELFTH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

67. Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against defendants, or each of them, for any alleged single wrong.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

68. Defendants are informed and believe and thereon allege that any loss, injury or damage alleged in the Complaint was directly or proximately caused and contributed to by the negligence of plaintiff and/or their agents. Therefore, plaintiff's recovery against defendants, if any, should be reduced in proportion to the percentage of responsibility attributable to plaintiff and/or their agents.

## ADDITIONAL DEFENSES

69. Defendants, and each of them, reserve the right to assert additional defenses based on information learned or obtained during discovery.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;
3. That defendants be awarded their costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

DATED: March 6, 2020

Respectfully submitted,

THE PHILLIPS LAW FIRM, APC

___/s/___
Thomas M. Phillips