KEVIN R. LUSSIER, State Bar No. 143821
klussier@veatchfirm.com
EURUS CADY, State Bar No. 110338
ecady@veatchfirm.com
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017-2444
Tel: (213) 381-2861
Fax: (213) 383-6370

Attorneys for Defendant,
AUGUSTINA REYES MONTALVO, erroneously sued as TINA MORALES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ESTELA GARCIA, an Individual; IRMA CALDERON-CHAVEZ, an Individual; LORENA GONZALEZ, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH COAST TERRACE CONDOMINIUM ASSOCIATION, a California Corporation; POWERSTONE PROPERTY MANAGEMENT, INC., a California Corporation; TINA MORALES, an Individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO.: 8:20-cv-00053-JLS-KES<br><br>[Hon. Josephine L. Staton]<br><br>**ANSWER OF DEFENDANT AUGUSTINA REYES MONTALVO, ERRONEOUSLY SUED AS TINA MORALES AND DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed:  January 10, 2020<br>Trial Date:         None |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, defendant AUGUSTINA REYES MONTALVO erroneously sued herein as TINA

-1-

MORALES ("Defendant") answers the Complaint of plaintiffs ESTELA GARCIA, IRMA CALDERON-CHAVEZ, and LORENA GONZALEZ ("Plaintiffs"). If an allegation is not specifically admitted, it is hereby denied.

## ANSWER TO THE INTRODUCTION

1. Answering Paragraph 1, this paragraph contains legal conclusions, arguments and/or definitions for which no further response is required.

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

2. Answering Paragraph 2, Defendant admits that the Court has jurisdiction over claims alleged to arise under federal law and supplemental jurisdiction over any related state law claims that arise from the same nucleus of operative facts as the claims based on federal law. Defendant further admits that she is subject to this Court's personal jurisdiction. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

3. Answering Paragraph 3, Defendant admits that venue is proper in this judicial district as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

## ANSWER TO ALLEGATIONS REGARDING PARTIES

4. Answering Paragraph 4, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

5. Answering Paragraph 5, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

ANSWER OF AUGUSTINA REYES MONTALVO, ERRONEOUSLY SUED AS TINA MORALES AND DEMAND FOR JURY TRIAL

6. Answering Paragraph 6, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

7. Answering Paragraph 7, Defendant admits that defendant South Coast Terrace Condominium Association is a California Domestic Nonprofit Corporation. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

8. Answering Paragraph 8, Defendant admits that defendant Powerstone Property Management, Inc. is a California Domestic Stock Corporation. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

9. Answering Paragraph 9, Defendant admits that she is an induvial, who lives at the Subject Property in Santa Ana, Orange County, California and has been a member of the Board of Directors of defendant South Coast Terrace Condominium Association since May 16, 2018. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

10. Answering Paragraph 10, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

## ANSWER TO FACTUAL ALLEGATIONS

11. Answering Paragraph 11, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient

1 knowledge or information to form a belief concerning the truth of the factual
2 allegations contained therein and on that basis denies such allegations.
3     12.    Answering Paragraph 12, Defendant admits on information and belief
4 that in 2009 the Subject Property was managed by Powerstone Property
5 Management, Inc.  As to the balance of the allegations, Defendant lacks sufficient
6 knowledge or information to form a belief concerning the truth of the factual
7 allegations contained therein and on that basis denies such allegations.
8     13.    Answering Paragraph 13, Defendant denies each and every allegation
9 as to herself. As to the balance of the allegations, Defendant lacks sufficient
10 knowledge or information to form a belief concerning the truth of the factual
11 allegations contained therein and on that basis denies such allegations.
12     14.    Answering Paragraph 14, Defendant denies each and every allegation
13 as to herself. As to the balance of the allegations, Defendant lacks sufficient
14 knowledge or information to form a belief concerning the truth of the factual
15 allegations contained therein and on that basis denies such allegations.
16     15.    Answering Paragraph 15, Defendant denies each and every allegation
17 as to herself. As to the balance of the allegations, Defendant lacks sufficient
18 knowledge or information to form a belief concerning the truth of the factual
19 allegations contained therein and on that basis denies such allegations.
20     16.    Answering Paragraph 16, Defendant denies each and every allegation
21 as to herself. As to the balance of the allegations, Defendant lacks sufficient
22 knowledge or information to form a belief concerning the truth of the factual
23 allegations contained therein and on that basis denies such allegations.
24     17.    Answering Paragraph 17, Defendant denies each and every allegation
25 as to herself. As to the balance of the allegations, Defendant lacks sufficient
26 knowledge or information to form a belief concerning the truth of the factual
27 allegations contained therein and on that basis denies such allegations.
28

18. Answering Paragraph 18, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

19. Answering Paragraph 19, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

20. Answering Paragraph 20, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

21. Answering Paragraph 21, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

22. Answering Paragraph 22, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

23. Answering Paragraph 23, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

24. Answering Paragraph 24, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

25. Answering Paragraph 25, Defendant admits on information and belief that plaintiff Lorena Gonzalez has rented at the Subject Property since 2012 and lives with her minor children. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

26. Answering Paragraph 26, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

27. Answering Paragraph 27, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

28. Answering Paragraph 28, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

29. Answering Paragraph 29, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

**ANSWER TO INJURY ALLEGATIONS**

30. Answering Paragraph 30, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

ANSWER OF AUGUSTINA REYES MONTALVO, ERRONEOUSLY SUED AS TINA MORALES AND DEMAND FOR JURY TRIAL

1   31.  Answering Paragraph 31, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

32.  Answering Paragraph 32, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

33.  Answering Paragraph 33, Defendant denies each and every allegation as to herself. As to the balance of the allegations, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

### ANSWER TO FIRST CLAIM FOR RELIEF
### Fair Housing Act (Familiar Status Discrimination)

34.  Answering Paragraph 34, Defendant incorporates herein her response to Paragraphs 1 through 33, above.

35.  Answering Paragraph 35, Defendant states that this claim for relief is not directed at her and therefore does not require a response by her. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

### ANSWER TO SECOND CLAIM FOR RELIEF
### Fair Housing Act (Racial Discrimination)

36.  Answering Paragraph 33, Defendant incorporates herein her response to Paragraphs 1 through 35, above.

37.  Answering Paragraph 37, Defendant denies each and every allegation contained therein.

## ANSWER TO THIRD CLAIM FOR RELIEF

**California Fair Employment and Housing Act (Familiar Status Discrimination)**

38. Answering Paragraph 38, Defendant incorporates herein her response to Paragraphs 1 through 37, above.

39. Answering Paragraph 39, Defendant states that this claim for relief is not directed at her and therefore does not require a response by her. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

## ANSWER TO FOURTH CLAIM FOR RELIEF

**California Fair Employment and Housing Act (Racial Status Discrimination)**

40. Answering Paragraph 40, Defendant incorporates herein her response to Paragraphs 1 through 39, above.

41. Answering Paragraph 41, Defendant denies each and every allegation contained therein.

## ANSWER TO FIFTH CLAIM FOR RELIEF

**California Unruh Civil Rights Act (Racial Status Discrimination)**

42. Answering Paragraph 42, Defendant incorporates herein her response to Paragraphs 1 through 41, above.

43. Answering Paragraph 43, Defendant denies each and every allegation contained therein.

44. Answering Paragraph 44, Defendant denies each and every allegation contained therein.

## ANSWER TO SIXTH CLAIM FOR RELIEF

**(Negligence)**

45. Answering Paragraph 45, Defendant incorporates herein her response to Paragraphs 1 through 44, above.

46. Answering Paragraph 46, Defendant states that this claim for relief is not directed at her and therefore does not require a response by her. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

47. Answering Paragraph 47, Defendant states that this claim for relief is not directed at her and therefore does not require a response by her. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

## ANSWER TO SEVENTH CLAIM FOR RELIEF
### (Negligence)

48. Answering Paragraph 48, Defendant incorporates herein her response to Paragraphs 1 through 47, above.

49. Answering Paragraph 49, Defendant states that this claim for relief is not directed at her and therefore does not require a response by her. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

50. Answering Paragraph 50, Defendant states that this claim for relief is not directed at her and therefore does not require a response by her. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

///
///
///

## ANSWER TO EIGHTH CLAIM FOR RELIEF

### (Unfair Business Practices)

51. Answering Paragraph 51, Defendant incorporates herein her response to Paragraphs 1 through 50, above.

52. Answering Paragraph 52, Defendant states that this claim for relief is not directed at her and therefore does not require a response by her. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

## ANSWER TO NINTH CLAIM FOR RELIEF

### (Unfair Business Practices)

53. Answering Paragraphs 53, Defendant incorporates her response to Paragraphs 1 through 52, above.

54. Answering Paragraph 54, Defendant states that this claim for relief is not directed at her and therefore does not require a response by her. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

## SEPARATE AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendant asserts the following separate and affirmative defenses (the "Separate and Affirmative Defenses"). By alleging the Separate and Affirmative Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Defendant reserves the right to raise additional affirmative Separate and Affirmative defenses as they

become known to it through discovery or investigation.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim Upon Which Relief May be Granted)**

1. As her first and separate affirmative defense to the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute any claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

2. As her second and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs' purported causes of action, and each of them, are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

3. As her third and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs' purported causes of action, and each of them, are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

**(Laches)**

4. As her fourth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs' purported causes of action, and each of them, are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

5. As her fifth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs are barred from recovery against Defendant pursuant to the equitable doctrine of unclean hands.

///

## SIXTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

6. As her sixth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs failed to mitigate, reduce or avoid their damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Limited)

7. As her seventh and separate affirmative defense to the Complaint, Defendant alleges that if Plaintiffs produce clear and convincing evidence against this Defendant sufficient to satisfy the requirements for willful discrimination, such damages awarded must be reasonable in terms of the following guideposts set forth by the United States Supreme Court in *BMW of North America, Inc. v. Ira Gore, Jr.*, 517 U.S. 559 (1996): (1) the degree of reprehensibility of the Defendant's conduct; (2) the actual harm inflicted on Plaintiff; and (3) the civil or criminal penalties that could be imposed for comparable misconduct.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

8. As her eighth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs' claims are barred by the fact that the Plaintiffs lack standing to sue.

## NINTH AFFIRMATIVE DEFENSE
### (Merger)

9. As her ninth and separate affirmative defense to the Complaint, Defendant alleges that some or all of Plaintiffs' claims are barred by the merger doctrine.

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Statutory Damages and Attorneys' Fees Unavailable)

10. As her tenth and separate affirmative defense to the Complaint, Defendant alleges that the Plaintiffs' claims for statutory damages and attorney's fees are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11. As her eleventh and separate affirmative defense to the Complaint, Defendant alleges that the Plaintiffs' purported claims for relief alleged therein, are barred in whole or in part by the applicable statutes of limitation, including but not limited to, 17 U.S.C. § 507(b); 18 U.S.C. § 1836(d); Cal. Civ. Code §3426.6; and Cal. Code Civ. Proc. §§ 339(1) and 17208.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

12. As her twelfth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs' claims are barred by the doctrine of acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

13. As her thirteenth and separate affirmative defense to the Complaint, Defendant alleges upon information and belief that Plaintiffs' claims are barred because Plaintiffs failed to join indispensable parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

14. As her fourteenth and separate affirmative defense to the Complaint, Defendant alleges upon information and belief that Plaintiffs' claims are barred and recovery is barred or limited by the doctrine of consent.

///

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

15. As her fifteenth and separate affirmative defense to the Complaint, Defendant alleges that she has insufficient knowledge or information upon which to form a belief as to whether she may have additional, and as yet unstated affirmative defenses available, and reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate they are proper.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon which Relief Can be Granted)

16. As her sixteenth and separate affirmative defense to the Complaint, Defendant alleges that each purported claim contained therein, fails to state a claim upon which relief can be granted.

## SEVENTIETH AFFIRMATIVE DEFENSE
### (Defendant's Legitimate Non-Discriminatory Decisions)

17. As her seventieth and separate affirmative defense to the Complaint, Defendant alleges that each purported claim contained therein, is barred in whole or in part because all decisions with respect to Plaintiffs' violation of the HOA's governing document were made by Defendant for legitimate, non-discriminatory, non-pretextual reasons.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Defendant's Reasonable Care)

18. As her eighteenth and separate affirmative defense, Defendant alleges that each purported claim therein, is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior.

///

///

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Corrective Opportunities)

19. As her nineteenth and separate affirmative defense, Defendant alleges that each purported claim therein claim therein, is barred, in whole or in part, because Plaintiffs failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm or otherwise.

## TWENTIETH AFFIRMATIVE DEFENSE

### (California Statute of Limitations - One Year for Personal Injury)

20. As her twentieth and separate affirmative defense, Defendant alleges that each purported claim is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure § 340(3).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (California Statute of Limitations - Four Year Residual)

21. As her twenty-first and separate affirmative defense, Defendant alleges that each purported claim is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure § 343.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Differential Treatment Based on Bona Fide Factors)

22. As her twenty-second and separate affirmative defense, Defendant alleges that each purported claim of the Plaintiff is barred because any alleged differential treatment of Plaintiffs by Defendant was undertaken pursuant to valid and enforceable CC&Rs, ByLaws, and Rules and Regulations and the exercise of the Reasonable Business Judgment Rule governing the subject property.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (California Civil Code §1365.7)

23. As her twenty-third and separate affirmative defense, Defendant alleges that each purported claim of the Plaintiffs contained in the Complaint is barred, in

ANSWER OF AUGUSTINA REYES MONTALVO, ERRONEOUSLY SUED AS TINA MORALES AND DEMAND FOR JURY TRIAL

whole and in part, because Defendant was a volunteer Director of an association defined as "a nonprofit corporation created for the purpose of managing a Common Interest Development".

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Acquired Evidence Document)

24. As her twenty-fourth and separate affirmative defense, Defendant alleges that each purported claim of the Plaintiffs is barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Absence of Intentional Discrimination Precludes Punitive Damages)

25. As her twenty-fifth and separate affirmative defense, Defendant alleges that she has not engaged in intentional discrimination with respect to Plaintiffs, and Defendant therefore cannot be liable for punitive damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Absence of Malice, Reckless Indifference or Fraud Precludes Punitive Damages)

26. As her twenty-sixth and separate affirmative defense Defendant alleges that she did not act with malice, reckless indifference or fraud toward Plaintiffs, and therefore, Defendant cannot be liable for punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Would Constitute Denial of Due Process)

27. As her twenty-seventh and separate affirmative defense, Defendant alleges that Plaintiffs are not entitled to recover any punitive or exemplary damages as prayed for in the Complaint, and any allegations with respect thereto should be stricken, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because any

award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and un-usual punishment clauses of the Eighth Amendment to the United States Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Plead Facts Sufficient to Support Punitive Damages)

28.   As her twenty-eighth and separate affirmative defense, Defendant alleges that Plaintiffs are not entitled to receive punitive damages because Plaintiffs have not pled facts sufficient to support such an award.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Defendant's Good Faith Efforts Preclude Punitive Damages)

29.   As her twenty-ninth and separate affirmative defense, Defendant alleges that Plaintiffs are not entitled to receive punitive damages because Defendant has made good faith efforts to prevent discrimination at the Subject Property

### THIRTIETH AFFIRMATIVE DEFENSE
### (Punitive Damages Precluded – Individual Decisionmakers)

30.   As her thirtieth and separate affirmative defense, Defendant alleges Plaintiffs are not entitled to receive punitive damages because, even if they were able to establish that any individual board member allowed unlawful bias to affect any decision, which Defendant expressly denies, Defendant, in light of her good faith efforts to prevent bias, is not liable for punitive damages based on any such individual decision.

///

**WHEREFORE**, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded her attorneys' fees and costs incurred in defending this action;

That Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: March 6, 2020                    Respectfully submitted,

By: _____
Kevin R. Lussier, Esq.
Eurus Cady, Esq.
VEATCH CARLSON, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017-2444
Tel.: (213) 381-2861
Fax: (213) 383-6370
Attorneys for Defendant,
AUGUSTINA REYES MONTALVO, erroneously sued as TINA MORALES

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury on all issues in the Complaint triable to a jury pursuant to F. R.C. P. Rule 38(b).

Dated: March 6, 2020

Respectfully submitted,

By: _____
Kevin R. Lussier, Esq.
Eurus Cady, Esq.
VEATCH CARLSON, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017-2444
Tel.: (213) 381-2861
Fax: (213) 383-6370
Attorneys for Defendant,
AUGUSTINA REYES MONTALVO, erroneously sued as TINA MORALES